534

No. 22160.

The Board of County Commissioners of the County of Baca, State of Colorado *v.* Bartlett & Company Grain, a corporation, and Gano Grain Corporation, a corporation.

(449 P.2d 859)

Decided December 30, 1968.    Rehearing denied January 27, 1969.

Schmidt and Schmidt, Howard M. Schmidt, for plaintiff in error.

Harlan Johnson, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS action was brought to test the validity of the ad valorem tax assessments made against the properties of the defendants in error for the year 1958. The question now presented for determination is whether the mandate of this court contained in the opinion announced June 3, 1963, in *Bartlett Company v. Board of County Commissioners*, 152 Colo. 388, 382 P.2d 193, has been complied with in proceedings had under supervision of the trial court subsequent to the date of that opinion. For a full understanding of the nature of the controversy we refer to the above mentioned opinion and deem it unnecessary to repeat herein the factual background involved.

Following the above mentioned decision the trial court directed the assessor of Baca county to,

"* * * value and assess the property of Bartlett & Company and Gano Grain Corporation, which were located in Baca County, for the year 1958, according to law and not inconsistent with the facts expressed in the opinion of the Supreme Court of the State of Colorado, a copy of which opinion is hereto attached."

Thereupon the assessor made a new assessment for the year 1958 and in doing so used the reappraisal Manual of Procedure which was being used by county assessors throughout the state for the purpose of equalizing taxes. He did not reduce the existing assessment value by twenty-five percent, but the assessor testified that he assessed the property anew from the beginning for the year 1958. In making his assessment the assessor discovered various properties owned by the defendants in error in 1958 which were not on the tax roll. The assessor added these newly-discovered properties to the tax roll, and this resulted in an increase of assessed valuation. The assessor further testified that in making the assessment he attempted to follow the standards in

Baca county for like property, and generally the standards throughout the state for like property, and that he did this for the purpose of equalizing the assessment.

After the new assessment was reported back to the trial court the defendants in error filed objections to it and a hearing was had before the trial court on April 28, 1965. The trial court entered findings of fact and conclusions of law to the effect that as a matter of law the opinion in *Bartlett Co. v. Commissioners, supra,* required the present assessor to adopt the original values, except as otherwise specifically directed, less twenty-five percent which was added by the Tax Commission. On July 30, 1965, judgment was entered in favor of the defendants in error fixing the proper assessed value of the properties at eighty percent of the assessed value as fixed by the assessor in 1958 (the old assessment), being the amount of the 1958 assessments made by the assessor holding office in 1958 before the twenty-five percent increase was ordered by the State Tax Commission. The judgment further awarded to defendants in error their overpayment of taxes (paid under protest) with interest thereon. The present writ of error is directed to that judgment.

■ The sole question for determination on the record now before us is whether the mandate of this court in *Bartlett Company v. Board of County Commissioners, supra,* required the trial court to enter the judgment as above indicated, notwithstanding that a different county assessor made a new and independent assessment following the reversal of the judgment first entered in the controversy.

The trial court in its conclusions of law stated the issue for decision as follows:

"* * * If defendants are correct in their assertion that the opinion required the assessor to re-value and re-assess the subject properties, then this Court would have to hold that the plaintiffs have failed to show that such new valuations and assessments were arbitrary or

capricious. If, however, the plaintiffs are correct that the opinion was and is a mandate to the present assessor to adopt the original values except as otherwise specifically directed, less twenty-five (25) percent, then this matter must be remanded back to the assessor for further action."

In resolving this issue the trial court said:

"* * * Therefore, this Court holds that the decision as rendered by the Supreme Court of the State of Colorado required the County Assessor to assess plaintiffs' properties, * * * at the values found by the assessor Jimmy Patterson for the year 1958, based on valuations for 1957, less depreciation, and deleting from said assessments the twenty-five (25) percent increase ordered by the Tax Commission."

The court in reaching this conclusion adopted the grain companies' interpretation of our former opinion. In so doing the trial court erred.

The opinion of this court in *Bartlett & Company v. Board of County Commissioners*, 152 Colo. 388, 382 P.2d 193, specifically ordered that a new assessment of the subject properties for the year 1958 should be made "according to law and not inconsistent with the views herein expressed." That opinion pointed out the areas in which the original assessment had not been made according to applicable law governing the duties of an assessor. It emphasized the necessity for the exercise of independent judgment on the part of the assessor. The trial court found that there was no proof that the assessments which were made by a new assessor, following the opinion of this court, were arbitrary or capricious.

In our former opinion it was the intention of the court to require a re-examination by the assessor to determine whether there was value sufficient to sustain the additional twenty-five percent increase which was placed upon the elevator properties under orders from the Colorado State Tax Commission. Our mandate in that opinion was intended to bring about a realistic valuation

of the properties based upon an appraisal by the assessor of all the factors proper for his consideration in exercising judgment.

It appears that the new assessments were made in compliance with the intention of this court in the mandate of our former opinion, and in compliance with applicable statutory provisions.

The judgment is reversed and the cause remanded to the district court with directions to approve the new assessments as reported to the court by the assessor; compute the tax due thereon; and enter judgment consistent with that computation.

Mr. Justice Pringle not participating.